[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant ("the bank") has moved for summary judgment on the plaintiffs' ("the guarantors") second revised complaint, which seeks damages for the bank's alleged failure to comply with the Uniform Commercial Code (UCC) in its dealings with collateral pledged to secure a commercial loan. I question the bank's use of a motion for summary judgment rather than a motion to strike; its claim seems to be that the allegations of the complaint fail "to state a claim upon which relief can be granted". Sec. 152, C.P.B. Nevertheless, I shall entertain and decide the issues raised because, although there are a host of material issues of fact between the parties, as disclosed by the affidavit of one of the guarantors and other documentary evidence submitted in opposition to the bank's motion, if the bank's position on the law is correct, it is entitled to a judgment as a matter of law regardless of how the disputed factual issues are resolved. See Sec. 384, C.P.B. Action on the motion has the added virtue of expediting the resolution of this matter, which was returned to court over four years ago.
Briefly stated, the undisputed facts are that in 1986 the bank extended credit in the amount of $1,500,000 to a business in which the guarantors were shareholders, that the bank obtained limited guarantees of the business' obligation from the guarantors, along with the other shareholders, that in late 1989 and early 1990 the bank made demand for payment of its loan to the guarantors' business and, payment not having been made, the bank took possession of the business' assets in keeping with the loan agreement. The guarantors paid in full the very substantial amounts called for in their limited guaranty agreements, almost $500,000 between them. There agreement ends.
The guarantors claim in their complaint that the bank failed to act in a "prudent and commercially reasonable" manner in CT Page 13850 disposing of the collateral; viz., the assets of the business, in several specified ways. As a result, they allege, their obligations as guarantors have not been reduced to the extent they would have been if the bank had acted in a commercially reasonable manner. The bank denies all such allegations. In this motion, however, the bank asserts that, even if the allegations of the complaint are true, they give rise to no cause of action on the part of the guarantors, as guarantors, under the UCC.
The guarantors rely on two sections of the UCC as it applies to secured transactions. Section 42a-9-207(1), C.G.S., requires that a "secured party", such as the bank, "use reasonable care in the custody and preservation of collateral in (its) possession". For its failure to do so the secured party is "liable for any loss caused by" that failure. Sec. 42a-9-207(3). Pursuant to Sec. 42a-1-102(3), C.G.S., this obligation of "reasonableness and care. . .may not be disclaimed by agreement" between the parties.
Section 42a-9-504(3), C.G.S., requires that "every aspect" of the disposition of collateral by a secured party "must be commercially reasonable", and section 42a-9-507 provides a "debtor" with a "right to recover from the secured party any loss caused by a failure to comply" with that requirement. Pursuant to section 42a-9-501(3), C.G.S., this duty of the secured party to act in a "commercially reasonable" manner may not be waived or varied by the parties.
The bank's position on this motion is that whatever rights these sections may grant to "debtors" do not run to guarantors such as the plaintiffs. The term, "debtor", is defined quite broadly in this Article of the UCC, to include any "person who owes a payment or other performance of the obligation secured, whether or not he owns rights in the collateral". Section42a-9-105(1)(d). This is certainly broad enough to include the guarantors of a commercial loan, and no reason appears in the apparent purpose of these provisions of the UCC to require the bank to act in a commercially reasonable way and to exercise reasonable care in dealing with and disposing of collateral vis-a-vis the principal on the note but not the guarantors.
It must be acknowledged that the Fifth Circuit has held broadly that a "guaranty" is not a UCC transaction, EAC CreditCorp. v. King, 507 F.2d 1232, 1238 (1975), and that UnionPlanters National Bank of Memphis v. Markowitz, 468 F. Sup. 529,534-35 (WD Tenn. 1979), has followed that case in holding that the CT Page 13851 UCC provisions relating to collateral do not extend to guarantors. Indeed, EAC Credit Corp. has been cited with approval by the Connecticut Supreme Court but only in the context of Article Three of the UCC dealing with negotiable instruments. SeeAssociated Catalog Merchandisers, Inc. v. Chagnon, 210 Conn. 734,739 n. 2 (1989).
With respect, I cannot read Article 9's "scope" provision as narrowly as the court in EAC Credit Corp., to exclude guaranty transactions, as it includes in the Article "any transaction, regardless of its form, which is intended to create a security interest in" various kinds of property. Sec. 42a-9-102(1)(a), C.G.S. Nor can I read the definition of "secured party" in Section 42a-9-105(1)(m), C.G.S., as narrowly as the court inUnion Planters National Bank, to exclude the bank herein, as it includes "a lender. . . or other person in whose favor there is a security interest". Moreover, the Connecticut Supreme Court, in the two leading cases concerning the rights of persons under these provisions of the Code, makes no distinction between principal debtors and guarantors.
Connecticut Bank and Trust Co., N.A. v. Incendy, 207 Conn. 15
(1988), was a deficiency judgment action against the guarantors of a promissory note. The defendants raised issues as to the plaintiff's disposition of the collateral in a "commercially reasonable" manner, and the Court resolved those issues in their favor without any reference to their status as guarantors rather than the principal debtor. In Connecticut National Bank v.Douglas, 221 Conn. 530 (1992), also a suit against a guarantor of an unpaid debt, while the Court held that the defendant had waived "claims relating to a secured creditor's alleged impairment of collateral", Id., 545, implicit in that holding is a recognition that the guarantor had claims to waive under Article 9 of the UCC. Moreover, the Court also recognized the "special antiwaiver provision concerning the disposition and redemption of secured collateral" contained in Sec. 42a-9-501(3), one of the provisions relied upon by the guarantors herein. The Court found that the provision did not apply, not because the defendants therein were guarantors but because the secured creditor was not in possession of the collateral. Id., 546-47.
While neither of these cases involves a suit by a guarantor against a lender, both affirm that guarantors have the same rights vis-a-vis lenders as the principal debtors when it comes to the disposition of collateral. And, there are many cases in CT Page 13852 other jurisdictions upholding the right of debtors to seek affirmative relief from lenders under the same provisions of the Code relied upon by the plaintiffs. See, e.g., First NationalBank of Thomasboro v. Lachenmyer, 476 N.E.2d 755, 763-5 (Ill.App. 4 Dist. 1985), and other cases cited at 3 ULA, Uniform Commercial Code Sec. 9-207 n. 35 (Master ed. 1992). See also 4 J. White R. Summers, Uniform Commercial Code Secs. 34-17 — 34-19 (4th ed. 1995).
The plain language of the Code provides the remedies the guarantors seek, if they can prove the allegations of their complaint. The bank's obligations are not susceptible to waiver or disclaimer; therefore, the waiver provisions of the guaranty agreement do not foreclose recovery under the UCC. The complaint and answer raise classic issues of fact regarding the bank's handling of the collateral for the loan. See Incendy, op cit. supra at 28.
Thus, since there are genuine issues of material fact and the moving party is not entitled to judgment as a matter of law, the bank's motion for summary judgment is denied.
Shortall, J.